THE FRANKLIN FOUNDATION *vs.* COLLECTOR-TREASURER OF BOSTON & others.

Suffolk.    May 16, 1962. — June 20, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Franklin Foundation. Boston. Trust,* Use of principal, Charitable trust. *Municipal Corporations, Trusts. Words,* "Extensions."

The principal of the donation made by Andrew Carnegie to the city of Boston in 1905 for an institution subsequently established as the Franklin Union, now the Franklin Institute of Boston, cannot be used for the purchase of a site for an extension of the institution.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on May 16, 1961.

The suit was reserved and reported by *Kirk, J.*

*Noel Morss* for the plaintiff.

*William H. Kerr* for the Collector-Treasurer of Boston & another.

KIRK, J.   The plaintiff, incorporated by St. 1908, c. 569, as amended by St. 1927, c. 40, St. 1953, c. 77, and St. 1957, c. 119 (see *Boston* v. *Curley,* 276 Mass. 549, and *Franklin Foundation* v. *Boston,* 336 Mass. 39), brings this bill for declaratory relief under G. L. c. 231A against (a) James E. Gildea as he is collector-treasurer (treasurer) of the city of Boston and has in his custody the Carnegie donation given by Andrew Carnegie to the city for the benefit of the Franklin Union[1] (now called "Franklin Institute of Boston" and at times referred to herein as "the school"), (b) the Attorney General since a public charitable trust is involved, and (c) the city of Boston as it holds legal title to said donation. The case was reported without decision by a single justice on the bill and answers.   The answers of the several defendants admit the facts stated in the bill.

The actual controversy which exists is between the plaintiff and the treasurer, and involves the right asserted by the plaintiff to expend principal of the Carnegie donation to purchase a site for the extension of the school.   The treasurer, "while not denying the right of the plaintiff to use . . . [the] principal of the Carnegie . . . [donation] to remodel, newly construct, and equip buildings for the extension of the school on land acquired by the city otherwise than by the use of . . . [the donation], questions the right of the plaintiff to use . . . [the] principal of . . . [the donation] to acquire land for the extension of the school and . . . will not, unless such question is judicially resolved, . . . disburse principal of . . . [the donation] to purchase land for the extension of the school."   The plaintiff's plans for the progressive extension of the school, necessarily involving site acquisitions, are impeded by reason of the treasurer's position.

---

[1] The educational institution known as the Franklin Union was subsequently designated Franklin Technical Institute, and was thus referred to in the bill in equity.   The name has since been changed to "Franklin Institute of Boston."

Previous decisions of this court relating to the Franklin fund, and more particularly to the Carnegie donation (see *Franklin Foundation* v. *Boston,* 336 Mass. 39, and cases therein cited and discussed at pages 44 and 45), have not dealt with the precise question before us.

For the resolution of the question presented, recourse must be had, as all parties agree, to the same documentation which was fully set forth in *Franklin Foundation* v. *Boston,* 336 Mass. 39, 40–44. We accordingly incorporate by reference the recitals made in that opinion beginning with the first paragraph on page 40 and ending with the third paragraph on page 44.

Other facts said to be pertinent to the issue we quote from the plaintiff's bill: Franklin Union (now Franklin Institute of Boston) "which opened its doors to students in September, 1908 was built on a parcel of land at the corner of Berkeley and Appleton Streets purchased by the city with the proceeds of the bond issue authorized by St. 1905, c. 448. The building and initial equipment were paid for out of Franklin's bequest. No part of the principal of the Carnegie Fund was used to build, or has since been spent directly for the benefit of, the school, but said principal has been invested and the income has been paid out for the benefit of the school as directed by the plaintiff. The market value of the principal of the Carnegie Fund on June 30, 1960, was $492,807. The original building, which has not been extended, occupies the entire plot of land purchased by the city as aforesaid except for a small portion forming part of a private alley over which abutting owners have rights of way. The present physical plant of the school consists of said building and of a nearby, but not adjacent, building on Appleton Street purchased by the plaintiff in 1959."

The documents referred to show that Mr. Carnegie impressed his gifts with his own settled convictions. We think that his gift to the Franklin fund was no exception.

We are satisfied that his donation and its acceptance by the city was on the understanding that no part of it be

spent to buy a site for the school, and that the scope of this understanding was not limited to the original site. The proposal of the plaintiff is now to use the donation for the particular purpose which we think the donor precluded.

As a corollary to this conclusion it follows that the plaintiff may use the principal of the Carnegie donation for all purposes permissible to the Franklin fund (*Franklin Foundation* v. *Boston,* 336 Mass. 39, 46–47) on the present site of the school or on another site to be provided otherwise than by the use of the Carnegie donation.

Nothing that was said in *Franklin Foundation* v. *Boston,* 336 Mass. 39, is at variance with what we say here. The question of the use of the Carnegie donation for the purchase of sites was not there considered. The word "extensions" as used on pages 46 and 47 did not relate to land purchases. The express holding of the case was that the principal of the Carnegie donation, like the principal of the Franklin fund, could not be used in payment of payrolls.

Other considerations stated in the bill do not persuade us to a different conclusion. The lapse of time, the current value of the donation, the restrained use which the plaintiff has made of it, and the projected plans for the development of the school do not alter the terms of the original transaction. The position taken by the city and its treasurer in the litigation indicates that the confidence which Mr. Carnegie reposed in Boston was not misplaced.

Despite the plaintiff's request for a directive as to the capital purposes for which the principal of the donation may be used, we think it is unnecessary and unwise to venture an opinion beyond that which is required for the determination of the particular controversy before us. Accordingly, a decree may be entered that the principal of the Carnegie donation may not be expended in whole or in part for the purchase of a site for the Franklin Institute of Boston, and that the collector-treasurer is not obliged to meet requisitions of the plaintiff for that purpose.

*So ordered.*